UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MEGGAN MASSOP )<br>   Plaintiff                            )<br>)<br>)<br>)<br>)<br>v.                                 )<br>)<br>FOCUS RECEIVABLES MANAGEMENT, LLC & )<br>JANE DOE a/k/a ELANDER           )<br>   Defendants                    )<br>) | CIVIL ACTION<br><br><br><br><br><br><br><br><br><br>JANUARY 22, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed by the defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### II. PARTIES

2. Plaintiff, Meggan Massop, is a natural person residing in Bloomfield, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. Defendant Focus Receivables Management, LLC ("Focus") is a Georgia corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

4. Defendant Jane Doe a/k/a Elander ("Elander") is an employee of Focus who works as a debt collector. Elander's identity and state of residence are not know by Plaintiff but are attainable through discovery.

## III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, and 1337.

6. This Court has jurisdiction over Focus because it engages in debt collection within Connecticut.

7. Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

8. Plaintiff had accrued a debt ("the Debt") with American Honda Finance Corporation, and the Debt was assigned to Focus for collection.

9. Sometime in the beginning of June 2009, Focus began calling Plaintiff's workplace in attempt to collect on the Debt; Focus also made calls to Plaintiff's home.

10. On or around June 11, 2009, Elander called Plaintiff at her workplace and spoke with Plaintiff, and during that call, Plaintiff instructed Focus to cease calling her at her workplace since such calls were very inconvenient for her and interfered with her ability to perform her job.

11. On or around June 18, 2009, Elander called Plaintiff at her workplace and spoke with Plaintiff, and during that conversation, Plaintiff demanded that Focus cease calling her at her workplace, and Elander replied that Focus was going to garnish her wages since it knew where she worked.

12. On or around June 29, 2009, Elander called Plaintiff at her workplace and spoke with Plaintiff, and she asked Plaintiff if she wanted to make payment terms, and Plaintiff again demanded that Focus cease calling her at her workplace.

## V.  COUNT ONE

### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (Against Focus Only)

13. Plaintiff incorporates Paragraphs 1-12.

14. Focus violated the FDCPA in one or more of the following respects:

   a.   Focus violated 15 U.S.C. § 1692e(5) by threatening to garnish Plaintiff's income when it was unauthorized to do so or was not intending to do so.

   b.   Focus violated 15 U.S.C. § 1692c(a)(1) by continuing to call Plaintiff at her workplace notwithstanding the fact Focus knew or should have know that it was inconvenient for Plaintiff to take calls at her workplace.

   c.   Focus violated 15 U.S.C. § 1692d by engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse the plaintiff.

   d.   Focus violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect the debt as described above.

15. For Focus' violations of the Fair Debt Collection Practices Act as described above, the Plaintiff is entitled to recover actual damages, statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## VI. <u>COUNT TWO</u>

**Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*
(Against Elander Only)**

16. Plaintiff incorporates Paragraphs 1-14.

17. Elander violated the FDCPA for the reasons enumerated in Paragraph 14a-d described above.

4

WHEREFORE, the Plaintiff seeks recovery of monetary damages pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and such other relief as this Court deems appropriate.

PLAINTIFF, MEGGAN MASSOP

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
Matthew W. Graeber, Fed Bar No. ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax. (860) 571-7457